IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW E. HUNT,**

    **Petitioner,**

  v.

    Case No. 2:15-cv-2377
    **JUDGE GEORGE C. SMITH**
    **Magistrate Judge King**

**WARDEN, LEBANON**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

On December 13, 2016, the Magistrate Judge recommended that the claims asserted in the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as either procedurally defaulted or without merit. *Report and Recommendation* (ECF No. 14). Petitioner objects to that recommendation. *Objection* (ECF No. 17). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 17) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

This case involves Petitioner's conviction in the Franklin County Court of Common Pleas on a charge of murder, with specifications, and on a charge of having a weapon while under disability. On November 16, 2012, the trial court imposed a term of 31 years to life in prison. The Ohio Tenth District Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined to accept jurisdiction of the appeal. In this habeas corpus action, Petitioner alleges that he was denied a fair trial based on prosecutorial misconduct (claim one); that the evidence is constitutionally insufficient to sustain his conviction on the drive-by shooting

specification (claim two); that he was denied the effective assistance of trial counsel (claim three); that reception of new evidence after trial violated the Double Jeopardy Clause (claim four); and that the unauthorized substitution of an alternate juror denied him his right to have his trial completed by a particular tribunal (claim five).

As noted *supra*, the Magistrate Judge recommended the dismissal of Petitioner's claims as either procedurally defaulted or without merit.  In particular, the Magistrate Judge recommended, *inter alia*, that Petitioner's claim of denial of the effective assistance of counsel be denied on the merits and, therefore, as failing to establish cause for the procedural default of Petitioner's claim one, which alleges prosecutorial misconduct.  Petitioner argued – before the Magistrate Judge and in his objections – that his attorney violated the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to object to the prosecutor's closing remarks which suggested that Petitioner's involvement in illegal drug activities provided a motive for the charged murder.  The state appellate court concluded that the challenged remarks did not amount to prosecutorial misconduct and, further, that Petitioner had failed to establish prejudice; the appellate court also commented that his counsel's decision not to object to these statements may have been a tactical choice.  *See State v. Hunt*, No. 12AP-103, 2013 WL 6406316, at *1-3 (Ohio App. 10th Dist. Dec. 5, 2013).  Petitioner contends the state appellate court's decision wrongly determined that the prosecutor had not acted improperly, in view of its decision in *State v. Mardis*, 134 Ohio App.3d 6, 21 (Ohio App. 10th Dist. 1999), which held that the admission of evidence regarding a defendant's involvement in the sale and use of illegal drugs prior to the charged murder was improper where the evidence failed to indicate that such activity was "inextricably related" to the crime at issue.  Petitioner also argues that the prosecutor's remarks in his case required the jury to engage in an impermissible stacking of

inferences and was without a basis in fact. *Objection* (ECF No. 17, PageID# 1625-26). This Court disagrees.

The record does not establish that the state appellate court, in reaching its conclusion, contravened or unreasonably applied federal law, or constituted an unreasonable determination of the facts in light of the evidence presented so as to warrant federal habeas corpus relief. *See* 28 U.S.C. § 2254(d), (e). As detailed in the *Report and Recommendation*, evidence regarding possible drug related activity and its potential connection to the charged murder was presented to the jury; indeed, much of that evidence was elicited by defense counsel during the cross-examination of prosecution witnesses in what appears to have been a (not unreasonable) matter of defense strategy. Under these circumstances, the prosecutor's comments involved permissible arguments as to the reasonable inferences that the jury could draw from the evidence. Further, in view of the substantial evidence of Petitioner's guilt, this Court agrees that Petitioner has failed to establish prejudice.

The Magistrate Judge also recommended the dismissal of Petitioner's claim of denial of the effective assistance of counsel based on his attorney's failure to object the prosecutor's questions, during cross-examination of Petitioner's mother, regarding whether she had told one Tony Marcum that Petitioner had showered, had washed his clothes, and had washed his hands with bleach after he returned home in the early morning hours after the victim had been murdered. Petitioner maintains that the state appellate court erred in rejecting this claim because it failed to take into account Ohio cases that prohibit the prosecutor's presentation to the jury of unverifiable and inflammatory allegations under the guise of impeachment, unless the prosecutor can prove such allegations through independent testimony. *Objection* (ECF No. 17, PageID# 1627-28). Petitioner posits that the prosecutor could not have done so here, because Tony

3

Marcum, had he been called as a prosecution witness, likely would have asserted his Fifth Amendment rights and refused to testify. *Id.* (PageID# 1629). However, Petitioner's argument in this regard is entirely without record support and is based entirely on speculation.

Petitioner also claims the ineffective assistance of trial counsel, based on his attorney's failure to object to the admission of cash and jewelry seized from his mother's home and to the admission of hearsay statements by individuals at the crime scene, failure to request a limitation on the admission of photographs of the homicide victim, and eliciting of damaging testimony during the cross-examination of one Alexis Lewis. The Magistrate Judge recommended that this claim be dismissed as without merit. In his objections, Petitioner again raises all of the same arguments that he previously presented: he claims that he was prejudiced by the eliciting of testimony by Lewis indicating that she had been threatened, and by the cumulative effect of counsel's errors. In this respect, Petitioner characterizes the evidence against him as "extremely weak." *Id.* (PageID# 1632-39). However, after consideration of the entire record, and for the reasons detailed in the *Report and Recommendation*, this Court agrees that this claim, and these allegations, are without merit.

Petitioner also objects to the Magistrate Judge's recommendation that his remaining claims of prosecutorial misconduct be dismissed on the merits. Petitioner asserts that the prosecutor violated *Berger v. United States*, 295 U.S. 78 (1935), by asking Detective Siniff whether Tony Marcum had indicated that he had acted as a "cleaner" and by misrepresenting the testimony of the State's trace evidence expert. Petitioner again argues that the cumulative effect of multiple instances of prosecutorial misconduct worked to his prejudice and denied him a fair trial. *Objection* (ECF No. 17, PageID# 1643). This Court has considered the totality of the circumstances, *see Angel v. Overberg*, 682 F.2d 605, 607 (6th Cir. 1982)(*en banc*), and concludes

that the record does not establish that the prosecutor engaged in such egregious misconduct as to warrant federal habeas corpus relief. Further, Petitioner has failed to rebut the presumption of correctness afforded the state appellate court's factual finding that the prosecutor did not misrepresent the testimony of the prosecution witness.

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of Petitioner's claim that the evidence was constitutionally insufficient to sustain his conviction on the drive-by shooting specification, in view of the lack of evidence indicating that his vehicle was moving at the time he is alleged to have shot Canty from inside the car. Petitioner also specifically argues that this Court need not defer to the state appellate court's determination that the statute at issue, O.R.C. § 2941.146, does not require movement of the vehicle. According to Petitioner, the state appellate court's decision violates due process by applying a "novel construction" of the statute that is not fairly disclosed to fall within the language and scope of the statute and which does not implicate the heightened concerns posed by a so-called "drive-by shooting." Petitioner's arguments are not persuasive. As noted by the state appellate court, the statute expressly prohibits the discharge of a firearm from a motor vehicle – not from a moving motor vehicle. Further, this Court must defer to a state court's interpretation of its own laws. *See Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005). When viewing all the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), this Court concludes that the evidence was constitutionally sufficient to sustain Petitioner's conviction on the drive-by shooting specification.

Finally, Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of his claim that his rights under the Double Jeopardy Clause were violated by the reception of new evidence on the repeat violent offender specification and having a weapon

while under disability charge after the State and Petitioner had rested their cases.  Petitioner specifically argues that the state appellate court's decision violates *United States v. Scott*, 437 U.S. 82, 92 (1978).

This Court has carefully reviewed the entire record and all of the arguments presented.  However, for the foregoing reasons, and for the reasons detailed in the *Report and Recommendation*, this Court simply remains unpersuaded that Petitioner has established a basis for federal habeas corpus relief under the standards established in the Antiterrorism and Effective Death Penalty Act.

For these reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 17) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

**The Clerk is DIRECTED to enter FINAL JUDGMENT**.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**