IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW E. HUNT,

      Petitioner,

  vs.                                                        Civil Action 2:15-cv-2377
                                                              JUDGE GEORGE C. SMITH
                                                              Magistrate Judge King

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

      Respondent.

**OPINION AND ORDER**

Acting through counsel, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Petition* (ECF No. 1). On February 9, 2017, the Court overruled Petitioner's objections to the *Report and Recommendation* and dismissed the action. *Opinion and Order* (ECF No. 18); *Judgment* (ECF No. 19). This matter is now before the Court on Petitioner's March 8, 2017 *Motion for Relief from Judgment and/or Reconsideration, Civ. R. 60(B)* (ECF No. 20)("*Motion for Reconsideration*"), which Petitioner filed *pro se*, on the March 13, 2017 *Notice of Appeal* (ECF No. 21), which was filed by Petitioner's counsel and which the Court construes as including a request for a certificate of appealability, and on Petitioner's *Motion for Leave to Appeal in forma pauperis* (ECF No. 22). For the reasons that follow, Petitioner's *pro se Motion for Reconsideration* is **ORDERED STRICKEN,** the request for a certificate of appealability is **DENIED,** and Petitioner's *Motion for Leave to Appeal in forma pauperis* is **GRANTED**.

Petitioner has been represented in this action by retained counsel, who apparently continues to represent Petitioner, as indicated by counsel's filing of the *Notice of Appeal* (ECF No. 21). Under these circumstances, the Court will not entertain Petitioner's March 8, 2017 *pro*

*se Motion for Reconsideration* (ECF No. 20).  That motion is **ORDERED STRICKEN** from the record.

The Court receives the *Notice of Appeal* as including a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).  The petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where a court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments."  *Id*.

2

This action challenges Petitioner's November 2012 conviction by a jury on a charge of murder with specifications for the use of a firearm and discharging a firearm from a motor vehicle, and by the trial court on a charge of having a weapon while under disability with a repeat violent offender specification. Petitioner was sentenced to an aggregate term of imprisonment of 31 years to life. He alleges in this action that he was denied a fair trial because of prosecutorial misconduct (claim one); that the evidence was constitutionally insufficient to sustain his conviction on the drive-by shooting specification (claim two); that he was denied the effective assistance of trial counsel (claim three); that reception of new evidence after trial violated his rights under the Double Jeopardy Clause (claim four); and that the unauthorized substitution of an alternate juror denied him his right to have his trial completed by a particular tribunal (claim five). The Court dismissed Petitioner's claims as procedurally defaulted or without merit.

In particular, the Court dismissed Petitioner's claim three, which alleges the denial of the effective assistance of counsel on the merits and, therefore, as failing to establish cause for the procedural default of Petitioner's claim one, which alleges prosecutorial misconduct. The Court is not persuaded that reasonable jurists would debate this resolution of these claims. Petitioner contends that the prosecutor acted improperly by suggesting in closing argument that Petitioner's involvement in drug activity provided a motive for the charged murder; however, evidence regarding possible drug related activity and its potential connection to the charges, much of which was elicited by defense counsel in what appears to have been a not unreasonable matter of defense strategy, had been presented to the jury. Under these circumstances, the prosecutor's comments involved permissible arguments as to reasonable inferences that the jury could draw from the evidence, and the failure of Petitioner's counsel to object to the prosecutor's arguments

3

in this regard did not deprive Petitioner of the effective assistance of counsel.  Further, the record reflects substantial evidence of Petitioner's guilt and Petitioner has not established that he was prejudiced by his counsel's conduct in this regard.  *See Strickland v. Washington*, 466 U.S. 668 (1984).

The Court also dismissed Petitioner's claim of denial of the effective assistance of counsel based on his attorney's failure to object to the prosecutor's questions, during cross-examination of Petitioner's mother, regarding whether she had told one Tony Marcum that Petitioner had showered, had washed his clothes, and had washed his hands with bleach after he returned home in the early morning hours after the victim had been murdered.  Again, the Court is not persuaded that reasonable jurists would debate the dismissal of this claim.  Nothing in the record supports Petitioner's argument that the prosecutor lacked a good faith basis for questioning Petitioner's mother in this regard.

The Court dismissed Petitioner's claim of the denial of the effective assistance of counsel based on his attorney's failure to object to the admission of cash and jewelry seized from his mother's home and to the admission of hearsay statements by individuals at the crime scene, failure to request a limitation on the admission of photographs of the homicide victim, and eliciting of damaging testimony during the cross-examination of one Alexis Lewis.  This Court concluded that the record fails to reflect that Petitioner can establish a violation of the two-prong test of *Strickland*, 466 U.S. 668, based on such alleged errors by counsel.  The Court is not persuaded that reasonable jurists would debate this conclusion.

The Court also dismissed Petitioner's additional allegations of prosecutorial misconduct on the merits, as well as Petitioner's claim that the evidence was constitutionally insufficient to sustain his conviction on the drive-by shooting specification, his claim that the trial court

4

violated his rights under the Double Jeopardy Clause by permitting the reception of new evidence on the repeat violent offender specification and on the charge of having a weapon while under disability after the State and Petitioner had rested their cases, and his claim that the substitution of an alternate juror violated his right to have his trial completed by a particular tribunal.  Upon review of the entire record, the Court remains unpersuaded that reasonable jurists would debate the dismissal of these claims on the merits.

Therefore, Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner also moves for leave to proceed *in forma pauperis* on appeal.  *Motion for Leave to Appeal in forma pauperis* (ECF No. 22).  Pursuant to 28 U.S.C. § 1915(a) (3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith.

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith[.]

Fed. R. App. Pro. 24(a)(3)(A).  The standard for proceeding on appeal *in forma pauperis* is different from that governing the issuance of a certificate of appealability. It is satisfied if the litigant seeks appellate review of any non-frivolous issue. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). *See also United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *Penny v. Booker*, No. 05–70147, 2006 WL 2008523, at *1 (E.D. Mich. July 17, 2006). Based on the record in this case, which includes evidence that Petitioner is financially unable to

bear the costs of an appeal, the Court concludes that Petitioner's proposed appeal is taken in good faith.

Accordingly, Petitioner's *Motion for Leave to Appeal in forma pauperis* (ECF No. 22) is **GRANTED.** All judicial officers who render services in this action shall do so as if the costs had been prepaid.

**IT IS SO ORDERED.**

                                            *s/ George C. Smith*
                                            **GEORGE C. SMITH, JUDGE**
                                            **UNITED STATES DISTRICT COURT**